## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| **TRIPLE FIVE OF MINNESOTA, INC.,** a Minnesota corporation, | Civil No. 99-1894 (PAM/JGL) |
| Plaintiff, | |
| v. | **O R D E R** |
| **MELVIN SIMON; HERBERT SIMON; RANDOLPH FOXWORTHY; MELVIN SIMON & ASSOCIATES, INC.,** an Indiana corporation; **SI-MINN LIMITED PARTNERSHIP,** an Indiana limited partnership; **SI-MINN, INC.,** an Indiana corporation; **DAVID SIMON; SIMON PROPERTY GROUP, INC.,** a Delaware corporation; **SIMON PROPERTY GROUP L.P.,** a Delaware limited partnership; **MS MANAGEMENT ASSOCIATES, INC.,** an Indiana corporation; **SIMON MANAGEMENT ASSOCIATES, INC.,** an Indiana corporation; **MALL OF AMERICA ASSOCIATES,** a Minnesota general partnership; **MOAC LIMITED PARTNERSHIP,** a Minnesota limited partnership; **MALL OF AMERICA COMPANY,** a Minnesota general partnership; **MINNTERTAINMENT ASSOCIATES,** a Minnesota general partnership; **MINNTERTAINMENT COMPANY,** a Minnesota general partnership; **MOAC MALL HOLDINGS LLC; MOA LAND HOLDINGS LLC; MOA ENTERTAINMENT COMPANY LLC;** and **DOES 1 TO 20,** | |
| Defendants. | |

MAR 2 5 2002

FILED_____
RICHARD D. SLETTEN, CLERK

JUDGMENT ENTD._____
DEPUTY CLERK_____

APPEARANCES

Roger Magnuson, Esq., Creighton Magid, Esq., Christopher Shaheen, Esq., and Mark Chasteen, Esq., for Plaintiff

John Sheran, Esq., and James Dorsey, Esq., for Defendants

---

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter is before the undersigned Magistrate Judge of District Court on Plaintiff's Motion for Leave to Depose All of Defendants' Expert Witnesses (Doc. No. 129). The parties have stipulated to an expedited briefing schedule and have asked the Court to decide the motion on an expedited basis without a hearing. It is the Court's understanding that Triple Five's other pending motion, a motion for attorneys' fees, will be heard on March 29, 2002 at 9:30 a.m. as originally scheduled. The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

Defendants have disclosed five expert witness reports to Plaintiff thus far and have suggested that a sixth expert witness may testify at trial. The pretrial scheduling order limits the parties to three expert depositions per party. Plaintiff now requests permission to depose all of Defendants' experts, asserting a "substantial need" to depose the

additional experts because Defendants apparently "intend to rely heavily" on their testimony at trial to establish their defense.

Defendants respond, and the Court agrees, that Plaintiff has not shown good cause to modify the pretrial schedule as required by Local Rule 16.3(a) and Federal Rule of Civil Procedure 16(b). Merely because Defendants intend to call the witnesses at trial does not establish good cause for modifying the number of expert depositions. Such a rule would obviate both the parameters of the pretrial schedule and the good cause requirement of Rule 16. In addition, Plaintiff does not contend that Defendants' expert reports are deficient in any way. The pretrial schedule required each expert report to contain the qualifications of the witness, the compensation to be paid, a list of other cases in which the witness has testified, a complete statement of all opinions to be expressed and the basis and reasons therefor, the data and other information considered in forming the opinion, and any exhibits to be used as a summary of or support for the opinions. Thus, having been provided with this

information, Triple Five should have an adequate basis on which to prepare its rebuttals to the experts' opinions.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff Triple Five's Motion for Leave to Depose All of Defendants' Expert Witnesses (Doc. No. 129) is **DENIED**.

Dated: March 2 5, 2002

JONATHAN LEBEDOFF
United States Magistrate Judge