UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Triple Five of Minnesota, Inc.,                                Civil No. 99-1894 (PAM/RLE)
a Minnesota corporation,

                Plaintiff,

v.                                                             **MEMORANDUM AND ORDER**

Melvin Simon, et al.,

                Defendants.

---

This matter is before the Court on Plaintiff Triple Five of Minnesota, Inc.'s Motion for Reimbursement of Defense Costs. For the reasons that follow, the Motion is granted.

**BACKGROUND**

After Defendants wrongfully diverted assets from Mall of America partnerships to finance their defense costs in this litigation, the Court ordered Defendants to reimburse the partnerships for all litigation fees and costs incurred. [1] (Sept. 10, 2003 Order at 27-28; Dec. 12, 2003 Order at 3-4.) The Court referred the specific determination of the amount owed to the Special Master. (Dec. 12, 2003 Order at 4.) Thereafter, the Court adopted the Memorandum and Recommendation of the Special Master and found that Defendants were required to reimburse the partnerships $11,247,926 as of August 6, 2004. (Sept. 29, 2004 Order at 2-4, 7.)

Defendants represented to the Court that they would pay the funds to the Mall of

---

[1] Specifically, the Court ordered Defendants to reimburse whichever Mall partnerships had assets withdrawn to pay for Defendants' defense costs. The parties seemingly agree that only the Mall of America Company (MOAC) partnership is entitled to reimbursement.

America Company (MOAC) partnership in August 2005. (Aug. 1, 2005 Letter from Michael C. McCarthy at 4; Hill Decl. Ex. G (Aug. 3, 2005 Status Conference Tr.) at 19.) Nonetheless, Defendants withheld the payment until after Triple Five transferred the disputed 27.5% interest to the Mall of America Associates (MOAA) in January 2006. Then, despite the Court's clear directive that the Mall partnerships were to receive the reimbursement, Defendants unilaterally decided to distribute the amount owed directly to individual partners instead of to MOAC. (Hill Decl. Ex. H at 2; Ex. K at 1.) Triple Five now asks the Court to order Defendants to reimburse MOAC.

**DISCUSSION**

Defendants contend that Triple Five agreed to payments directly to each partner. The record defies this assertion. (See Hill Decl. Exs. L-M.) Moreover, whether Triple Five initially suggested direct reimbursement is irrelevant. The Court subsequently ordered Defendants to pay the Mall partnerships — not the individual partners.[2] Furthermore, Defendants repeatedly assured the Court that they would reimburse MOAC — not the individual partners.

Defendants also submit that direct payment to MOAC partners effectively accomplished the same result as paying MOAC. They maintain that the Partnership Agreement requires Triple Five to distribute "as soon as practicable" the reimbursed funds to the MOAC partners but suspect that Triple Five will not do so. The anticipatory breach of the Partnership

---

[2] Defendants contend that the Court "did not reject" the position that reimbursement could not be made direct to MOAC partners. To the contrary, the Court expressly ordered that Defendants reimburse the Mall partnerships. (Sept. 29, 2004 Order at 3-4.)

2

Agreement does not justify Defendants' blatant disregard for this Court's order and unilateral decision to earmark for themselves part of the funds owed to MOAC. Moreover, the parties dispute whether Triple Five may exercise discretion in determining whether the funds should be distributed to the partners or used for another purpose. In any event, the issue is not ripe for review since MOAC never received the funds.

**CONCLUSION**

The Court will neither condone nor allow Defendants to circumvent clear orders from this Court. Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Reimbursement of Defense Costs (Docket No. 596) is **GRANTED**;

2. By July 16, 2006, Defendants shall reimburse MOAC the $11,247,926 (less the amount paid to Triple Five on January 19, 2006), as well as interest accrued since August 6, 2004;

3. By July 16, 2006, Triple Five shall reimburse MOAC the money it received from Defendants on January 19, 2006 as direct payment of the defense costs reimbursement, as well as interest accrued since January 19, 2006; and

4. This matter is **REFERRED** to the Special Master to calculate the reimbursable amounts, including the interest (cost of capital) to date.

Dated: June 27, 2006

                                                  s/ Paul A. Magnuson
                                                  Paul A. Magnuson
                                                  United States District Court Judge